### R. A. JACOBS *v.* THE STATE.

A plea of former conviction by confession on the same indictment which shows upon its face that there never was any confession, conviction or judgment of record, is bad.

#### FROM COFFEE.

Appeal in error from the Circuit Court of Coffee County. J. J. WILLIAMS, J.

Jacobs *v.* State.

C. DICKENS CLARK for Jacobs

Attorney-General LEA for The State.

COOPER, J., delivered the opinion of the Court.

The record shows that Jacobs was indicted at the January term of the Circuit Court for carrying a pistol, and that the cause was continued to the next term as on his affidavit, he entering into recognizance with security for his appearance. At the next term he filed a plea of former conviction, which was demurred to, and the demurrer sustained. He then put in the plea of not guilty, upon which he was tried and convicted, and judgment rendered on the verdict. He appealed in error.

The error now relied on is based on the action of the Court below upon the plea. The plea is in substance that "at the January term the defendant came into Court, pleaded guilty, and submitted his case, whereupon he was put in jeopardy, convicted and punished, as appears by the proceedings had in the case at that term, of which the following is a true and perfect copy." Then follows the form of a judgment of submission upon a confession of guilt, fining the defendant ten dollars and costs, and giving judgment against him and a security, whose name is left blank, who is represented as appearing and acknowledging himself security for the fine and costs. Then follows the form of an order by the Court remitting all of

the fine except fifty cents and the State and county tax, and an appeal by the Attorney-General to this Court from so much of the judgment as remitted the State and county tax, which is granted by the Court. The plea then adds: "The foregoing was the judgment of the Court upon defendant's plea of guilty as drawn by the Attorney-General, and after the Attorney-General had gone, on a subsequent day of the term, the Court directed the Clerk not to enter the foregoing judgment, and rescinded the same, and ordered the case to stand upon the docket for hearing, and continued it to the next term, as appears by the record, and this was done without the consent and against the will of the defendant."

The causes of demurrer to this plea are that it shows on its face that the entry drawn by the Attorney-General, relied on as a plea of former conviction, was never entered of record as the judgment of the Court, and that the plea fails to show any judgment of record on the submission.

A plea of former conviction in a Court of record can, it is clear, only be sustained by a conviction of record: 3 Greenl. Ev., § 36; *Slaughter* v. *State*, 6 Hum., 410. And the plea shows upon its face that there never was any confession, conviction or judgment of record. The demurrer was well taken. Whether a plea of former jeopardy might be good, without a judgment of record or entry of record, we need not stop to inquire. For the plea filed was not that character of plea,

and this is the same case in which the alleged proceedings were had. The Circuit Judge seems to have considered the submission of guilty as conditioned upon his agreeing to the entry as drawn up, and in this view he is sustained by the subsequent action of the defendant. He does not insist upon his submission as he would have done if it had been unconditional. He chose to put in a plea of not guilty, which was a voluntary abandonment of his plea of guilty and a waiver of any action of the Court thereon.

The defendant has been only once in jeopardy. Affirm the judgment.